```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

EDWARD HENDERSON and BARBARA
HENDERSON,

    Plaintiffs,
v.                                    Case No. 8:09-cv-2312-T-33AEP

GATX CORPORATION; NYRSTAR
CLARKSVILLE, INC.; RESCAR
INDUSTRIES, INC.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion to Strike Defendant Nyrstar's Motion for Summary Judgment and Defendant's Motion for Spoliation (Doc. # 92), which was filed on February 27, 2012. Defendant Nyrstar responded on February 28, 2012, by filing a Motion for Leave to Amend to Add the Affirmative Defense of Federal Preemption (Doc. # 93). For the reasons that follow, the Court denies the Motion to Strike and grants the Motion to Amend.

**I.  Background**

Mr. Henderson was injured on October 12, 2006, at his workplace, Mosaic Phosphates, in Mulberry, Florida, when "a pipe cap blew off an adjacent connection to the dome of the [rail]car, spraying sulfuric acid onto Edward Henderson's body, including his hands, torso, legs, and feet." (Doc. # 2

at ¶ 9). "The pipe and cap were examined after the incident and it was determined that the threads inside the pipe and cap were defective, which resulted in failure of the pipe cap. The failure of the pipe and cap could have been avoided with appropriate and regular maintenance." Id. at ¶¶ 10-11.

Plaintiffs filed a complaint in state court against various defendants on October 6, 2009. (Doc. # 2). It was removed to this Court on November 12, 2009, on the basis of diversity of citizenship. (Doc. # 1). Plaintiffs sue Nyrstar Clarksville for negligence (count 1) and loss of consortium (count 2). The Complaint alleges that Nyrstar "owned and/or operated and/or controlled and/or maintained The Railcar in Florida." (Doc. # 2 at ¶ 7).

Nyrstar filed its Answer and Affirmative Defenses in state court on October 27, 2009. (Doc. # 3). Nyrstar asserted three affirmative defenses: that Plaintiffs' injuries were caused by Mr. Henderson's employer, Mosaic Phosphates; that Plaintiffs' injuries were caused by Mr. Henderson's failure to wear certain protective gear at the time of the incident; and that Plaintiffs' claims are barred by the doctrine of laches because the injury occurred on October 12, 2006, and Plaintiffs failed to provide any notice to Nyrstar until March 4, 2009.

On February 1, 2010, the Court entered its Case Management and Scheduling Order (Doc. # 16) setting the deadline for amending pleadings as February 1, 2011. The final pretrial conference is scheduled to take place on April 12, 2012, and a ten-day jury trial is scheduled during the May 2012 trial term.

After two unsuccessful mediation conferences, Nyrstar filed its Motion for Summary Judgment (Doc. # 83) on February 3, 2012, and filed its Motion for Spoliation Sanctions (Doc. # 86) on February 6, 2012. In the Motion for Summary Judgment, Nyrstar argues that the Complaint counts are preempted by 49 U.S.C. § 5125(B)(1), the Hazardous Materials Transportation Act. In the Spoliation Motion, Nyrstar seeks exclusion of all evidence related to the railcar pipe and cap (including but not limited to all expert opinions, testimony, and conclusions based on the Mosaic investigation) because Nyrstar did not have access to the pipe and cap at or around the time of the incident.

Plaintiffs seek an order striking both the Motion for Summary Judgment and the Motion for Spoliation Sanctions. Plaintiffs assert that Defendant waived the opportunity to raise these arguments because Defendant failed to include

these defenses in the Answer and filed its motions after the discovery cut-off date.

Nyrstar responded to the Motion to Strike by filing its Motion to Amend its Answer to Add the Defense of Federal Preemption. (Doc. # 93). Nyrstar did not address Plaintiffs' arguments concerning the Spoliation Motion.

## II.  Analysis

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). While leave to amend is "freely given" under Rule 15 of the Federal Rules of Civil Procedure, a motion to amend filed after the deadline established by the Case Management and Scheduling Order, as in this case, will only be granted upon a showing of good cause under Rule 16(b)(4). To show good cause, a party must establish that, despite his diligence, the deadline could not be met. Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)(citing Fed. R. Civ. P. 16 Advisory Committee's Note).

In addition, leave to amend may be denied if the movant's conduct demonstrates "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party . . . [or] futility of amendment." Foman, 371 U.S. at 182.

Here, the Motion to Amend is untimely; the deadline to amend pleadings passed on February 1, 2011. (Doc. # 16). Nevertheless, after considering the record and the relevant authorities, the Court determines that it is appropriate to grant the Motion to Amend.

Through various extensions of the expert disclosure deadline, both formal and informal, Plaintiffs tendered to Nyrstar the expert report of Douglas Morgan on January 24, 2012. Nyrstar argues that Morgan's report first alerted Nyrstar of the defense of federal preemption: "Plaintiffs' first notice of an alleged breach of an obligation or duty which was not substantively the same as those imposed under the HMAT and HMR was not provided to Nyrstar in this case until Plaintiffs' service of the draft report of its expert . . . on January 24, 2012." (Doc. # 93 at 5). It seems to this Court that a January 24, 2012, expert report revealing a new theory of the case when the trial is scheduled to take place in May 2012, provides good cause for amendment of the Answer. If Plaintiffs are permitted to further contour their theory of the case after the close of discovery, Defendant should be extended the same privilege. Neither side benefits

when successive extension motions are filed.  The result here, where the parties and the Court alike are forced to scramble to define the scope of the proceedings on the eve of the pretrial conference, demonstrates this point.[1]

Scheduling issues aside, the Court finds ample support for its decision to allow late amendment in <u>Kennan v. Dow Chemical Co.</u>, 717 F. Supp 799, 808-810 (M.D. Fla. 1989), and other authorities.  In <u>Kennan</u>, the plaintiff alleged that the defendant pesticide company negligently labeled pesticide, causing him injury. <u>Id.</u> at 902.  Four months prior to the commencement of the trial term, the defendant filed a motion for summary judgment asserting for the first time that plaintiff's claims were preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136.

As in the present case, the plaintiff asserted that the defendant waived the federal preemption argument because the defendant did not assert it as an affirmative defense in the

---

[1] Defendant points out that "[a]lthough Nyrstar had mutually agreed with Plaintiffs to a schedule extending the deadline for Plaintiffs' service of final expert reports through January 15, 2012, it is significant . . . that Plaintiffs' actual service date of January 24, 2012 was another 9 days beyond the agreed extension date, only 7 days prior to the Court's discovery cut-off date and only 9 days prior to the deadline for filing of [d]ispositive motions." (Doc. # 93 at 5).

defendant's answer. Id.  The plaintiff also argued that the "defendants' assertion of the defense at this late date will cause [plaintiff] prejudice." Id. at 803.

The court determined that preemption was an affirmative defense that should have been pled in the answer; however, the court ultimately determined that the defendant should be allowed to move forward with its preemption analysis:

> [T]he Court finds that plaintiff would not be prejudiced by defendants' assertion of the preemption defense.  The Court finds that the availability of the preemption defense in this case is a question of law, and that there are no factual issues on which plaintiff could conduct discovery that would alter the Court's finding of preemption. Plaintiff has had adequate opportunity to conduct legal research, file legal memoranda, and present the Court with oral argument on the issue.  The Court finds, therefore, that the defendants have not waived the preemption defense and have properly asserted the defense [in defendants' motion for summary judgment].

Id. at 810.

Just as the Kennan court permitted the late assertion of the federal preemption defense, so shall this Court.  The Court likewise will allow Nyrstar to assert its spoliation defense at this juncture.  "Even at trial, the Eleventh Circuit Court of Appeals has noted its reluctance to enforce strictly the harsh waiver requirement where the plaintiff is unable to demonstrate any prejudice due to the lack of

<a></a><a></a><a></a><a></a>

notice." <u>Mid Continent Cas. Co. v. L.B. King</u>, 552 F. Supp. 2d 1309, 1315-16 (N.D. Fla. 2008)(internal citations omitted). Pleadings must be construed "so as to do justice." Fed.R.Civ.P. 8(e). As stated in <u>Mid Continent</u>, "[d]espite the general rule that when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial, the court has focused on avoiding hypertechnicality in pleading requirements." 552 F. Supp. 2d at 1316. "Likewise, the court has reiterated that the purpose of Fed.R.Civ.P. 8(c) is simply to guarantee that the opposing party has notice of any additional issues that may be raised at trial so that he or she can be prepared to properly litigate it." <u>Id.</u> <u>see also</u>, <u>Hargett v. Valley Fed. Sav. Bank</u>, 60 F.3d 754, 763 (11th Cir. 1995)(stating that failure to assert an affirmative defense in the answer is curable by insertion of defense in pretrial order).

Construing the pleadings so as to do justice and considering that Plaintiffs have not demonstrated prejudice, the Court grants the Motion to Amend and denies the Motion to Strike.[2]

---

[2] In an attempt to persuade the Court that Plaintiffs will suffer prejudice if Defendant is permitted to amend the Answer, Plaintiffs argue that amendment "will have the effect
(continued...)

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion to Strike Defendant Nyrstar's Motion for Summary Judgment and Defendant's Motion for Spoliation (Doc. # 92) is **DENIED.**

(2) Defendant Nyrstar's Motion for Leave to Amend to Add the Affirmative Defense of Federal Preemption (Doc. # 93) is **GRANTED.**

(3) Nyrstar may file its Amended Answer by **March 19, 2012.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of March 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[2](...continued)
of Defendant ambushing the Plaintiff[s] with a new defense on the eve of trial knowing that Plaintiff[s] cannot adequately address these new positions at this late juncture." (Doc. # 92 at 4). Likewise, Plaintiffs submit: "based upon the timing of [Defendant's] request this request for amendment must be denied as it would still unduly prejudice the Plaintiffs." Id. at 5. The Court finds that Plaintiffs' generic claims of prejudice are mere platitudes that do not demonstrate actual prejudice so as to justify denial of the Motion to Amend.

-9-