```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                            DIVISION
```

EDWARD HENDERSON and BARBARA
HENDERSON,

          Plaintiffs,
vs.                          Case No. 8:09-cv-2312-T-33AEP

GATX CORPORATION, NYRSTAR
CLARKSVILLE, INC., and RESCAR
INDUSTRIES, INC.,

          Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant Nyrstar Clarksville, Inc.'s Motion for Clarification, Reconsideration and for Leave of Court to File Depositions, Exhibits, and Other References Cited in its Motion for Summary Judgment and Memoranda filed on or prior to March 10, 2010 (Doc. # 103), which was filed on March 27, 2012. Plaintiffs filed a Response in Opposition to the Motion on April 6, 2012. (Doc. # 107). For the reasons that follow, the Court denies the Motion.

### I. Legal Standard

Defendant's Motion for reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30,

2005). As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

## II. Analysis

In the case of the present Motion, Defendant argues that reconsideration and clarification are needed to prevent manifest injustice. However, Defendant does not elaborate as to what injustice Defendant faces absent reconsideration and clarification. Defendant suggests that this Court erred in allocating the Rule 56 evidentiary burden in its Summary Judgment Order. The Court has considered the argument and rejects it. Here, Defendant, the summary judgment movant, did not present any evidence to the Court, not one deposition or affidavit. It relied upon its affirmative defense of preemption and the arguments of its counsel. Defendant does not contest its lack of evidence to support its Motion for Summary Judgment:

> Defendant candidly acknowledges the Court's application of controlling procedural rules precluding its consideration of unfiled deposition testimony and exhibits in support of Defendant's motions, and perhaps more importantly, the Court's consternation that, having endeavored to address the exceedingly complex regulatory matters raised by Defendant's motions, Defendant's failure to file the cited supporting evidence precludes the Court's ability to resolve the disputed legal issues in the fuller context of this evidence.

(Doc. # 103 at 3).

Defendant also submits that it failed to file its evidence under the mistaken belief that filing depositions and

exhibits would violate the Court's Local Rules.  In addition, Defendant points out that Plaintiffs also failed to file evidentiary materials in response to the Motion for Summary Judgment.

The Court accepts Defendant's candid admission that it did not support its Motion for Summary Judgment with evidence and its explanation that it did not understand the Local Rules.  However, Defendant's missteps do not warrant an order of reconsideration or clarification.  In addition, the Court will not grant reconsideration or clarification based on Plaintiffs' failure to submit certain evidence to the Court. As explained in Adickes v. S. H. Kress & Co., 398 U.S. 144, 160-61 (1970), the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion for summary judgment with sufficient evidence.  In addition, the moving party must demonstrate that the facts underlying all relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the nonmoving party has introduced no evidence whatsoever. Brunswick Corp. v. Vineberg, 370 F.2d 605, 611 (5th Cir. 1967).[1]  The Court must resolve all

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (continued...)

ambiguities and draw all justifiable inferences in favor of the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

As Defendant failed to discharge its evidentiary burden, the Court was in no position to grant summary judgment based on Plaintiffs' failure to present evidence in defense of the Motion.  Under the controlling authorities cited above, Plaintiffs were not required to do so.

In addition, Defendant's alternative request to submit all of its evidence for consideration at this late juncture is denied.  This case is set for a final pretrial conference in two days, and is on the Court's May 2012, trial term. Defendant failed to persuade the Court with reference to materials on file that it is entitled to summary judgment, and Defendant has not provided the Court with a good reason to allow Defendant a second bite at the summary judgment apple on the eve of the final pretrial conference and trial.  However, the Court will allow Defendant, as well as Plaintiffs, the opportunity to file appropriate Motions in Limine regarding issues not addressed by the Motion for Summary Judgment as requested in the Motion for Clarification and Reconsideration.

---

[1](...continued)
(11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

While the Court will address any timely filed Motion in Limine, the Court strongly encourages the parties to work together to narrow the issues in preparation for the upcoming pretrial conference.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Nyrstar Clarksville, Inc.'s Motion for Clarification, Reconsideration and for Leave of Court to File Depositions, Exhibits, and Other References Cited in its Motion for Summary Judgment and Memoranda filed on or prior to March 10, 2010 (Doc. # 103) is **DENIED** as specified above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>10th</u> day of April, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record