UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD HENDERSON and BARBARA
HENDERSON,

    Plaintiffs,

v.                         Case No. 8:09-cv-2312-T-33AEP

GATX CORPORATION, NYRSTAR
CLARKSVILLE, INC., and RESCAR
INDUSTRIES, INC.,

    Defendants.

_____/

## ORDER

This matter is before the Court pursuant to Defendant Nyrstar's Alternative Motion for Discretionary Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. # 106), which was filed on April 6, 2012. For the reasons that follow, the Court denies the Motion.

## I. **Background**

On March 22, 2012, this Court entered an Order denying Defendant Nyrstar's Motion for Summary Judgment. (Doc. # 102). Nyrstar now seeks a certification of interlocutory appeal on the following issues:

> Whether the provision of an 'each-use' pre-inspection provision of a car servicing agreement executed between a lessee and lessor of acid railcars provided for the transportation of hazardous materials by rail is deemed a pre-transportation function "required to be performed"

by the lessee pursuant to 49 CFR 171.2 so as to
           constitute a non-delegable federal-imposed
           obligation of the lessee to conduct an inspection
           of each leased railcar by each third party user
           thereof regardless of:
           a.   the location of such use; or,
           b.   whether
                i.   such third party is itself either a party
                     or an intended third-party beneficiary of
                     the car service agreement; or,
                ii.  the lessee or the lessor are otherwise
                     deemed to be an offeror of the shipment
                     by which the subject railcar was provided
                     to such third party within the meaning of
                     49 CFR 171.1.

(Doc. # 106 at 5).

Nyrstar also suggests that this case should be stayed pending resolution on appeal of these issues.

## II. **Analysis**

The Supreme Court has decreed that orders denying motions for summary judgment are not appealable. <u>Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.</u>, 385 U.S. 23, 25 (1966)("the denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim.") <u>See</u> <u>also</u> <u>Gardner v. Westinghouse Broad. Co.</u>, 437 U.S. 478, 482 (1978)(order denying motion for summary judgment "in no way touched on the merits of the claim but only related to pretrial procedures"); <u>Ala. v. Army Corps of Eng'rs</u>, 424 F.3d 1117, 1129 (11th Cir. 2005). Each of these cases echos the firmly held judicial

policy against piecemeal appeals.  This principle was articulated in Switzerland Cheese as follows:

> A district judge's orders advancing a case to trial ought not be critically examined and re-examined by the cumbersome method of appeal before he has approached the stage of adjudication . . . . I believe this an intolerable burden for us, an improper and uncertain interference with trial court discretion, and a confusing invitation to indiscriminate appeals in the future – all contrary to settled law against piecemeal appeals.

385 U.S. at 25, n.3 (internal citation omitted).

If a trial court enters an order from which an appeal is not permitted pursuant to 28 U.S.C. § 1292(a), such as an order denying summary judgment, the court may grant 28 U.S.C. § 1292(b) certification, which would allow the order to be appealed.[1]  Nyrstar requests such a certification in this

---

[1] 28 U.S.C. § 1292(a) defines the jurisdiction of the federal court of appeals and lists the specific types of orders from which appeals may be taken.  28 U.S.C. § 1292(b), on the other hand, states:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal

case.

However, even if this Court were to grant a Section 1292(b) certification concerning its order denying the Motion for Summary Judgment, the Eleventh Circuit would be under no obligation to consider an appeal of any portion of the Order. <u>Tidewater Oil Co. v. United States</u>, 409 U.S. 151, 167 (1972)(application of 28 U.S.C. § 1292(b) is "subject to the judgment and discretion of the district court and the court of appeals.") <u>See</u> <u>also</u> <u>McFarlin v. Conseco Servs.</u>, 381 F.3d 1251, 1259 (11th Cir. 2004)("the court of appeals has discretion to turn down a § 1292(b) appeal. And we sometimes do so. The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.").

The Supreme Court has noted, "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." <u>Caterpillar v. Lewis</u>, 519 U.S. 61, 74 (1996). The Eleventh

---

hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
(Emphasis in original).

Circuit has also enunciated a strong presumption against interlocutory appeals. See McFarlin, 381 F.3d at 1259 ("Because permitting piecemeal litigation is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

District courts may grant motions for certification for interlocutory appeal pursuant to Section 1292(b) when an order addresses a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The balance of these factors militates against granting leave to appeal in this case.

As explained in In re Celotex Corp., No. 8:09-cv-2444-T-EAK, 2010 U.S. Dist. LEXIS 73072, at *5 (M.D. Fla. July 20, 2010), "An issue is characterized as a controlling question of law if it deals with a question of pure law, or matters that can be decided quickly and cleanly without having to study the record." The issues identified are neither subject to quick resolution nor are they poised for "clean" dispostion by any means. Furthermore, this Court is of the opinion that the complex issues raised in the present Motion cannot be decided without reference to the record. In addition, while there

may, in fact, be substantial grounds for difference of opinion concerning the resolution of the issues raised, the Court determines that proceeding to trial, rather than engaging in a piecemeal appeal, will materially advance the ultimate termination of the litigation. With a final pretrial conference set to take place in two business days and a jury trial scheduled to take place in May 2012, the only thing left to do is try this case. An appeal would not be appropriate at this late juncture. For the foregoing reasons and in light of the strong presumption against the use of Section 1292(b), the Court denies the Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Nyrstar's Alternative Motion for Discretionary Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. # 106) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of April 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record